UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. A-23-CV-624 |
| | § | |
| $65,052.00, MORE OR LESS, | § | |
| IN UNITED STATES CURRENCY, | § | |
| Respondents. | § | |

<u>**VERIFIED COMPLAINT FOR FORFEITURE**</u>

NOW COMES Petitioner United States, by and through the United States Attorney for the Western District of Texas, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

**I.   <u>NATURE OF THE ACTION</u>**

1. This action is brought by the United States seeking forfeiture to the United States of the following property: $65,052.00, More or Less, in United States Currency, (hereinafter "Respondent Property").

**II.   <u>POTENTIAL CLAIMANTS</u>**

2. Two people filed claims for the property during the administrative forfeiture proceeding: Darren Dewayne Lathers and Velicia Derrell Howard.

**III.   <u>STATUTORY BASIS FOR FORFEITURE</u>**

3. This is a civil forfeiture action *in rem* brought against the Respondent Property for violation of 21 U.S.C. §§ 801 *et seq.* and subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6), which states:

**§ 881. Forfeitures**
   **(a) Subject property**
      The following shall be subject to forfeiture to the United States and no property right shall exist in them:
      …

**(6)** All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

### IV.    JURISDICTION AND VENUE

4. Under 28 U.S.C. § 1345, the Court has jurisdiction over an action commenced by the United States, and under 28 U.S.C. § 1355(a), the Court has jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under 28 U.S.C. §§ 1355(b) and 1395.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this District and because the Respondent Property was found in this District. *See also* 28 U.S.C. § 1395(b).

6. The Respondent Property was seized in Austin, Texas, located in the Western District of Texas, on November 29, 2021, by the Drug Enforcement Administration (DEA) and the Texas Department Public Safety, Criminal Investigations Division (DPS). The Respondent Property was transferred to the custody of the United States Marshals Service, within the jurisdiction of the United States District Court, Western District of Texas, and shall remain within the jurisdiction of the court pending litigation of this case.

## V.     FACTS IN SUPPORT OF FORFEITURE

7. On November 29, 2021, DPS Trooper Cabrera responded to a request for assistance by DPS Trooper Hart, who conducted a traffic stop on a 2014 Honda Accord driven by registered owner Velicia Derrell Howard (Howard).

8. Darren Dewayne Lathers (Lathers) and a minor male child were passengers in the vehicle.

9. DPS Trooper Hart conducted a traffic stop due to an inoperable head lamp and the driver was speeding.

10. During the stop, DPS Trooper Hart noticed a strong odor of marijuana emitting from inside the vehicle; when questioned, Lathers stated he smokes weed and smoked earlier when they left Louisiana prior to departing in the vehicle.

11. DPS Trooper Hart conducted a probable cause search of the vehicle. DPS asked Lathers if he had marijuana, firearms, or needles on his person and Lathers responded no.

12. During the search of Lathers person, DPS Trooper Hart found $1,200.00 in Lathers front pocket.

13. Lathers claimed that he got the money from his mother, Elizabeth Lathers Green (Green).

14. DPS Trooper Hart called and requested backup, and he placed Lathers in the Bastrop County PD patrol vehicle while he continued to search the Honda.

15. During the search, DPS Trooper Hart located a black and white backpack near the feet of the minor child.

16. The black and white backpack also contained a heavy small blue and white satchel labeled "Backwoods"; inside, DPS Trooper Hart found bundles of US Currency stacked in rubber bands and a Taurus 9mm compact pistol, SN: TLM96882.

17. In total, DPS Trooper Hart located and seized $65,052 from Lathers and the vehicle.

18. The backpack also contained two small scales with marijuana residue, a small note with names and money written on it, and more packs of rubber bands.

19. Both Lathers and Howard gave conflicting stories and lied to the officers:

   a. When asked if he (Lathers) had ever been arrested for marijuana, he stated, "No Sir". However, according to his criminal record, he has been arrested many times for drug charges, including marijuana.

   b. When questioned if there were weapons in the vehicle, he (Lathers) said "No". However, two firearms were found in the vehicle.

   c. When questioned about the money, Lathers replied, "I was getting unemployment from my job so my girl just be saving."

   d. Lathers first claimed the US Currency in the satchel belonged to him, from his unemployment benefits; he later claimed it was given to him by Ms. Green (his mother) to purchase a tow truck company.

   e. Lathers initially told the officers that he worked at Goodwill; however, later he said he was collecting unemployment benefits, and due to Covid, he had been let go from Goodwill.

  f. Texas Workforce Commission reports note that Lathers has been collecting unemployment benefits since approximately March of 2020. Lathers received $1,200.00 a month from unemployment benefits beginning March 2020.

  g. Howard first claimed the money was given to Lathers by his mother, because Ms. Green did not want to drive with the money.

  h. Additionally, Howard said Ms. Green would be coming down to Austin on the following day to purchase a tow truck company. However, she later claimed $5,000.00 belonged to her, and that Ms. Green had given Lathers the money to purchase a tow truck company.

20. During the search of the Honda, the officers located a Ruger Security-9 Compact pistol, SN: 38254086 (including a loaded magazine) in a suitcase with male clothing in the trunk of the vehicle.

21. A second firearm, a Taurus 9mm Compact Pistol, SN: TLM96882, was found under the driver's seat.

22. On November 30, 2023, DPS requested assistance from the Bastrop County Sheriff's Office Narcotics K9 Unit; the Narcotics K9 came to DPS gave a positive alert on the seized currency for odor of narcotics.

23. Lathers most recent employment records show that he received $1,031.78 in the third quarter of 2020, and his most recent processed unemployment payment was $515.00 on June 29, 2021.

24. Lathers has a substantial criminal record, including charges for second degree murder, domestic abuse, armed robbery, and drug related charges.

25. Green was not in the car and her most recent address could not be verified.

5

26. Green lives in Louisiana. DPS unsuccessfully attempted to contact Green.

27. On December 8, 2023, Drug Enforcement Administration adopted this case.

28. On January 24, 2023, DEA started administrative forfeiture and sent notice to Darren Dewayne Lathers, Velicia Derrell Howard, and Elizabeth Lathers Green.

29. On March 3, 2023, Velicia Howard filed her claim for the $65,052.00.

30. Howard claims the money is a mixture of savings and money from Lathers's mother.

31. On March 3, 2023, Lathers filed a claim and contends the money is a mix of savings and a loan from his mother.

32. Based on the foregoing facts, it is reasonable to believe that the Respondent Property is subject to forfeiture given the strong odor of marijuana inside the vehicle, a positive K9 alert on the seized currency, the large amount of cash in Lathers pocket, the bundled US Currency in the backpack located with marijuana residue, a drug ledger, a gun,. and more packs of rubber bands, Lathers's nervous behavior, the inconsistent stories by Lathers and Howard, Lather's unemployment status, Lathers's lies about his criminal history, and his lies about having firearms in the vehicle.

33. Based on these facts, it is reasonable to believe that the Respondent Property constitutes property involved in or intended to be involved in narcotics trafficking. The currency is traceable to such property or facilitated narcotics trafficking. Therefore, the Respondent Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for the knowing violation of 21 U.S.C. §§ 801, *et seq*.

34. Moreover, based on the foregoing facts the Respondent Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) as the Respondent Property was property used or

intended to be used to facilitate unlawful drug crimes both in violation of 21 U.S.C. §§ 801, *et seq.*

## VI. PRAYER

WHEREFORE, Petitioner United States prays that due process issue to enforce the forfeiture of the Respondent Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that a warrant for an arrest in rem be ordered, that the Respondent Property be forfeited to the United States, that the Respondent Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By: */s/ Mark Tindall*
MARK TINDALL
Assistant United States Attorney
Texas Bar #24071364
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
Tel: (512) 916-5858
Fax: (512) 916-5854
Email: mark.tindall@usdoj.gov

---

[1] Appendix A, which is the Notice of Complaint of Forfeiture, and which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Property.

## VERIFICATION

Task Force Officer Cody W. Pahl declares and says that:

1. I am a Task Force Officer with the Drug Enforcement Administration DEA assigned to the Austin Resident Office, and am the investigator responsible for the accuracy of the information provided in this litigation.

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 1st day of June, 2023.

_____
Cody W. Pahl, Task Force Officer
Drug Enforcement Administration
Austin Resident Office